***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 8, 2022, affirmed March 29, petition for review denied
August 31, 2023 (371 Or 332)

FLAVIO URBINA,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
1404821P; A173932

J. Burdette Pratt, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant. Flavio Urbina filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from the denial of post-conviction relief. On appeal, he raises three assignments of error. Two involve claims relating to inadequate and ineffective assistance of counsel; the third is a claim of trial court error. Petitioner also submitted a *pro se* supplemental brief in which he requests that we review all the claims that were presented in his post-conviction petition, which he attaches and incorporates by reference. For the reasons below, we affirm.

In his first assignment of error, petitioner claims that his attorneys provided inadequate and ineffective representation when counsel failed to object to prosecutorial misconduct in closing and rebuttal argument. The post-conviction court found that petitioner's attorneys were credible and that they made "reasonable strategic decisions not to object" to the portions of the argument that petitioner challenges. The post-conviction court further found that petitioner failed to prove prejudice because he did not demonstrate that any objections would have been sustained or would have led to a mistrial. Those factual findings are supported by the evidence in the case; accordingly, they are binding on us. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). With those factual findings, we cannot conclude that the post-conviction court legally erred when it denied petitioner's claim.

In his second assignment of error, petitioner claims that his attorneys provided inadequate and ineffective representation when counsel failed to object to the admission of prejudicial other-acts evidence. Petitioner's argument to the post-conviction court was based only on prosecutorial misconduct grounds. The post-conviction court expressly noted that petitioner did not "allege that trial counsel should have objected on other evidentiary grounds." Petitioner's argument under OEC 403 is thus unpreserved. Petitioner does not ask for plain error review, and even if he had, there is no plain error on this record given the trial court's factual findings.

In his third assignment of error, petitioner claims that the trial court erred when it denied relief on petitioner's

claim alleging cumulative error. We have not yet recognized cumulative error as an independent claim for post-conviction relief, and after a review of the record, the circumstances in this case do not call for us to decide whether do so.

We have considered petitioner's *pro se* assignments of error. Giving deference to the trial court's factual findings that are supported by the record, we find no legal error in the trial court's denial of the claims raised in his supplemental *pro se* brief.

Affirmed.